UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ARLIN DONLEY,<br><br>           Plaintiff,<br><br>     v.<br><br>WELLPATH, et al.,<br><br>           Defendants. | No. 1:23-cv-01740-KES-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT OR NOTIFY OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>(ECF Nos. 10, 17) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on December 20, 2023.  (ECF No. 1.)

On February 26, 2024, the Court screened the complaint, found that Plaintiff stated a cognizable claim for deliberate indifference against Defendants Dr. Gustavian, Medina, Debbie, Eva, Michelle, Maria, Chloe, Alejandra, Victoria, Libby, and Jane Doe.  (ECF No. 10.)  Plaintiff was granted the opportunity to file an amended complaint or notify the Court of his intent to proceed only on the deliberate indifference claim.  (Id.)  Although Plaintiff sought and received an extension of time, he failed to respond to the Court's screening order.  Therefore, on April 8,

1

2024, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 14.) Plaintiff failed to respond to the order to show cause. Accordingly, Findings and Recommendations to dismiss the action were issued on May 2, 2024. (ECF No. 16.) The Findings and Recommendations were served on Plaintiff and contained notice that objections were due within fourteen days. (Id.)

On June 6, 2024, Plaintiff filed objections to the Findings and Recommendations. (ECF No. 17.) In his objections, Plaintiff submits that on or about April 12, 2024, he relocated from California to Oklahoma and subsequently discovered that he did not receive the Court's previous orders. Plaintiff expresses his intent to proceed with this action and seeks the appointment of counsel. Plaintiff specifically states, "Plaintiff has now notified the Court that he intends to proceed on the cognizable claim, subject to the appointment of Counsel and any advice that such Counsel may provide to him." (ECF No. 17 at 7.)

With regard to Plaintiff's request for appointment of counsel, Plaintiff is advised Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with

similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exception circumstances exist and here, they do not.  Indeed, the Court has found that Plaintiff stated a cognizable claim for deliberate indifference against Defendants Dr. Gustavian, Medina, Debbie, Eva, Michelle, Maria, Chloe, Alejandra, Victoria, Libby, and Jane Doe.  (ECF No. 10.)  Thus, Plaintiff has adequately set forth his claims for relief.  Accordingly, Plaintiff's motion for the appointment of counsel is denied.

In light of the fact that Plaintiff has now responded to the Findings and Recommendations and expressed his intent to litigate this action, the Court will vacate the Findings and Recommendations recommending dismissal of the action. That said, Plaintiff is advised that in the future he must update the Court of any change of address in a timely fashion to avoid dismissal of the action.  In addition, because it is not clear whether Plaintiff seeks to proceed on the claim found to be cognizable, without the appointment of counsel, the Court will grant Plaintiff additional time to either file an amended complaint or notification of his express intent to proceed only on the deliberate indifference claim against Defendants Dr. Gustavian, Medina, Debbie, Eva, Michelle, Maria, Chloe, Alejandra, Victoria, Libby, and Jane Doe.  (ECF No. 10.)

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued on May 2, 2024, are VACATED;
2. Plaintiff's motion for appointment of counsel is denied, without prejudice;
3. Plaintiff is granted thirty (30) days from the date of service of this order to either file an amended complaint or notify the Court of his intent to proceed on the claim found to be cognizable; and

///

///

///

4. Failure to comply with this order will result in a recommendation to dismiss the action for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **June 11, 2024**

UNITED STATES MAGISTRATE JUDGE