UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ARLIN DONLEY, | No. 1:23-cv-01740-KES-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CONSPIRACY CLAIM |
| v. | |
| WELLPATH, et al., | (ECF No. 19) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed July 8, 2024. (ECF No. 19.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

1

see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his first amended complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On December 30, 2021, Plaintiff was evaluated during booking into the Madera County Jail by Defendant Eva, who was advised about a couple serious health conditions and medications Plaintiff was taking. Prior to his incarceration, Plaintiff was scheduled for surgery by his doctor. When Plaintiff was released from quarantine, Defendant Eva re-evaluated Plaintiff, took photographs of Plaintiff's medical issues, and sent them to Defendants Dr. Gustavian, Medina, and Debbie for visible diagnosis. Defendants provided Plaintiff with Mobic as a medical decision to replace surgery. Plaintiff signed a medical release form from the Madera County Jail to obtain his medical records from his doctor at Camarena Health Center regarding his torn ACL.

1      Plaintiff was seen by Defendant Debbie to evaluate a skin disorder and to discuss his torn
2  ACL.  Defendant Debbie advised Plaintiff that per policy, Defendant Wellpath would not provide
3  Plaintiff any further assistance for his injury, despite the fact that his doctor recommended
4  surgery.  Defendants Dr. Gustavian, Medina, and Debbie prescribed Mobic for the duration of his
5  incarceration in place of surgery.  Plaintiff states that after taking the medication Mobic, for the
6  first year, he started suffering severe abdominal pain which began to obstruct his mobility/breath
7  and work performance.  Plaintiff immediately submitted a sick call slip and advised medical staff
8  about his pain, but Defendants Dr. Gustavian, Medina, Debbie, Eva, Michelle, Maria and Chloe
9  all disregarded stating they couldn't do anything outside of providing Mobic.

10     The module officer contacted Defendants Garza and Medina regarding Plaintiff's serious
11 medical condition.  Plaintiff was again examined by Defendants Michelle and Maria who both
12 witnessed the Plaintiff's medical condition and pain.  Defendants took Plaintiff's vitals and
13 informed him he had a hernia and would live.  Plaintiff requested to be taken to the hospital, but
14 he was told per policy you have to be dying to be taken to the hospital.  Plaintiff was also told that
15 if he continued to complain to medical he would be written up.  Defendants Dr. Gustavian,
16 Medina, and Debbie prescribed stool softeners to treat his hernia as a substitute for specialized
17 treatment.  After the first week of taking the stool softeners he started unknowingly defecating
18 himself and noticed blood.  Defendant Garza was contacted about Plaintiff's bleeding who
19 disregarded the condition since Plaintiff had just been evaluated by medical.

20     Plaintiff reported his bleeding to module officer Chavez who witnessed the amount of
21 blood in the toilet and contacted watch commanders sergeant Khela and sergeant Quick.
22 Defendants Khela and Quick ordered the officer to write the report on the issue, but to note that
23 per Defendants Medina and Eva it was just a hernia and nothing could be done about it under
24 Wellpath's policy.  Plaintiff showed the toilet full of blood to Defendants Chloe and Michelle and
25 both affirmed subjective knowledge to all medical administrators and watch commanders of the
26 condition.  The responses were, we told you it was your hernia and the Wellpath policy prevents
27 treatment.  After a few days of bleeding, Plaintiff advised Defendants Alejandra and Jane Doe,
28 who saw the toilet full of blood, and they told him he was fine.  Module officer Medina witnessed

3

blood in the toilet and contacted Defendants Villanuava and Townsend, who told the officer that there was nothing officials could do other than write a report.  Plaintiff called his ex-wife to let her know what was going on and asked her to call the jail to file a complaint.  Immediately after Plaintiff's ex-wife contacted the facility, Plaintiff was examined by Defendant Michelle who was to document Plaintiff's vital signs.  During the examination, Defendant Michelle advised that Defendants Dr. Gustavian and Debbie were taking Plaintiff off his prescribed medication Mobic and antibiotics because it was causing bleeding.  Plaintiff was taken to the hospital and the doctor recommended he undergo an immediate colonoscopy.  Plaintiff was returned to the jail and seen by nurse Corrina who advised of the doctor's recommendations.  Plaintiff was advised that the doctor's recommendations would be conveyed to medical administrators-Dr. Gustavian, Medina, and Debbie for further assistance.  Plaintiff was examined by Defendant Eva who told him that medical administrators said he had a hernia and to deal with it.  When Plaintiff advised of the doctor's recommendations, Eva told him to stop harassing medical staff or he would be written up.

Defendants Victoria and Libby began to harass Plaintiff during pill call because Plaintiff refused to take the medication which they prescribed.  Defendants Victoria and Libby tried to get Plaintiff written up by module officers for refusing to take the prescribed medication which caused the bleeding.  Plaintiff is still bleeding but is afraid to file a sick call to prevent being written up.  A month of bleeding from his rectum was an obvious risk to his health and safety.

Sergeant Khela, sergeant Quick, corporal Garza, corporal Townsend, and sergeant Villanuava are the watch commanders in charge of the supervision of all staff medical and correctional officers.

Defendants Chief Manuel Perez and Sheriff Tyson Pogue knowingly failed in their responsibility to take reasonable measures to protect Plaintiff from injury and risk of harm. Plaintiff states that the culture created under Defendants Manuel Perez regarding the training and lack of supervision continued by Defendant Tyson Pogue falls on the responsibility of both parties.  Madera County has a history of denying proper and adequate medical treatment to its prisoners.  Defendants Perez and Pogue have knowledge of the inadequate medical assistance

toward prisoners based on the illegal conduct by medical administrators which is condoned by commanding officers. Defendants Perez and Pogue have full knowledge of Madera County and Wellpath's unlawful policy. It is the custom and practice of Madera County to deny medical assistance to save money. Defendants Perez and Pouge possessed the final authority to enforce the unconstitutional custom that Madera County and Wellpath established and continue to demonstrate to save money which is the moving force behind the denial of proper medical treatment. The described policy/custom is not written, it is part of the fabric of culture that is and of itself how Defendants handle matters in the jail that resulted in Plaintiff's injuries.

## III.

## DISCUSSION

**A.     Denial of Medical Treatment**

   1.     <u>Monell Liability-Wellpath and Madera County</u>

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. <u>Waggy v. Spokane County Washington</u>, 594 F.3d 707, 713 (9th Cir. 2010). Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation. <u>Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown</u>, 520 U.S. 397, 400 (1997); <u>Burke v. County of Alameda</u>, 586 F.3d 725, 734 (9th Cir. 2009); <u>Gibson v. County of Washoe, Nev.</u>, 290 F.3d 1175, 1185-86 (9th Cir. 2002). "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " <u>Castro v. Cty. of Los Angeles</u>, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483 (1986)).

///

///

There can be no municipal liability without an underlying constitutional violation. Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994). A Monell claim can proceed under three theories of municipal liability: "(1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." Brown v. Contra Costa Cty., No. C 12-1923 PJH, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) (citing Clouthier v. Cty. of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010)). Whichever theory is alleged, the plaintiff must plead facts showing that "the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900-01 (9th Cir. 2011); see also City of Oklahoma v. Tuttle, 471 U.S. 808, 823 (1985) ("At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."). Further, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." Tuttle, 471 U.S. at 823-24.

A Monell claim requires more than "sporadic" incidents. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents."). An "isolated instance ... is insufficient evidence of a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the County." Marsh v. County of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012) (internal citations omitted).

Defendant Wellpath Medical is private company contracted with Madera County to provide medical care at the Madera County Jail.  Private entities, such as defendant Wellpath Medical, that act under color of state law, may be liable under Monell. See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012).  The Supreme Court has held that municipalities may be held liable as "persons" under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694.

Plaintiff contends Wellpath has a policy to deny hernia surgery and appropriate treatment solely to save money. Plaintiff's allegations that he was repeatedly denied surgery and/or appropriate treatment for his hernia because of Wellpath's policy is sufficient to state a cognizable Monell claim against Wellpath Medical and the County of Madera.

### 2. Inadequate Medical Care as to Individual Defendants

Plaintiff also brings claims for inadequate medical care against medical administrators Dr. Gustavian, Medina, Debbie, Eva, Michelle, Maria, Chloe, Alejandra, Victoria, Libby, and Jane Doe.

A pretrial detainee's rights arise under the Fourteenth Amendment's Due Process Clause whereas a convicted prisoner's rights arise under the Eighth Amendment's Cruel and Unusual Punishments Clause. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). A deliberate indifference test applies to both a pretrial detainee's claim and a prisoner's claim, but for a pretrial detainee it is an objective test, rather than the subjective test which applies to a prisoner's claim. See Gordon v. County of Orange, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). A "pretrial detainee need not prove those subjective elements about the officer's actual awareness of the level of risk." Id. (quoting Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)). Because Plaintiff claims involve the conditions at the Madera County Jail as a pretrial detainee, the Court applies the objective deliberate indifference standard. Under this standard, a pretrial detainee must allege:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon, 888 F.3d at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable —"a test that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. (internal citations and internal quotation marks omitted). A "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Id. (quotations and citations omitted). Thus, the plaintiff must "prove

1   more than negligence but less than subjective intent—something akin to reckless disregard." Id.

2   Based on a thorough review of Plaintiff's second amended complaint which must be liberally construed, Plaintiff states a cognizable claim for deliberate indifference against Defendants Chief Manuel Perez, Sheriff Tyson Pogue, sergeant Khela, sergeant Quick, corporal Garza, corporal Townsend, sergeant Villanuava, Dr. Gustavian, Medina, Debbie, Eva, Michelle, Maria, Chloe, Alejandra, Victoria, Libby, and Jane Doe based on the allegations that he was repeated denied proper medical treatment based on the alleged policy (which was the moving force) to deny medical care solely to save money is sufficient to demonstrate deliberate indifference to Plaintiff's health and safety.

### B. Conspiracy

Conspiracy under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an " 'actual deprivation of his constitutional rights resulted from the alleged conspiracy,' " Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). " 'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.' " Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). A plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th

8

Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff contends that when complaints were filed against Defendants Dr. Gustavian, Medina, Debbie, Eva, Michell, Maria, Chloe, Jane Doe, Alejandra, Victoria, and Libby, Defendants Khela, Quick, Garza, Townsend, and Villanuava would defend them of their wrongs which constitutes "conspiracy" to deny medical assistance in violation of the Eighth Amendment. Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. Though he states Defendants "conspired" together, he does not provide any specific facts that show that any of the Defendants had an agreement to violate his right to medical treatment. There is no indication of an actual agreement between any of the Defendants. Therefore, Plaintiff fails to state a claim for conspiracy.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's Monell claims against Wellpath and County of Madera, and deliberate indifference claims against Chief Manuel Perez, Sheriff Tyson Pogue, sergeant Khela, sergeant Quick, corporal Garza, corporal Townsend, sergeant Villanuava, Dr. Gustavian, Medina, Debbie, Eva, Michelle, Maria, Chloe, Alejandra, Victoria, Libby, and Jane Doe; and

2. Plaintiff's conspiracy claim be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 26, 2024**__

UNITED STATES MAGISTRATE JUDGE