UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ARLIN DONLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLPATH, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-01740-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br><br>(ECF Nos. 42, 43) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On October 28, 2025, Plaintiff filed a request for entry of default and a request for entry of default judgment, respectively. (ECF Nos. 42, 43.) Defendants filed a response on October 29, 2025. (ECF No. 44.)

**I.**

**DISCUSSION**

This action proceeds on Plaintiff's Monell claims against Wellpath and County of Madera, and deliberate indifference claims against Chief Manuel Perez, Sheriff Tyson Pogue, Sergeant Khela, Sergeant Quick, Corporal Garza, Corporal Townsend, Sergeant Villanueva, Dr. Gustavian, Medina, Debbie, Eva, Michelle, Maria, Chloe, Alejandra, Victoria, Libby, and Jane Doe. (ECF

1    No. 23.)

2    On June 17, 2025, the Court issued an order directing the United States Marshal to initiate
3    service of process in this action upon the above-named Defendants. (ECF No. 24.)

4    On October 28, 2025, Plaintiff Shawn Arlen Donley filed a Request for Entry of Default
5    as to Defendants Alejandra, Chloe, Debbie, Eva, Dr. Gustavian, Libby, Maria, Medina, Michelle,
6    Victoria, and Wellpath Medical "for failure to plead or otherwise defend as provided by the
7    Federal Rules of Civil Procedure." (ECF No. 42.) In his accompanying declaration, Plaintiff
8    claims that these defendants were all served but failed to file or serve an answer. (Id.) That same
9    day, Plaintiff also filed a request for entry of default judgment. (ECF No. 43.)  In his declaration
10   supporting that request, Plaintiff stated that "the default of the Defendants has been entered for
11   failure to appear in this action." (Id.)

12   If a defendant fails to plead or otherwise defend an action after being properly served with
13   a summons and complaint, a default judgment may be entered pursuant to Federal Rule of Civil
14   Procedure 55(a).  Rule 55 requires a "two-step process" that consists of (1) seeking the clerk's
15   entry of default and (2) filing a motion for entry of default judgment. Eitel v. McCool, 782 F.2d
16   1470, 1471 (9th Cir. 1986); see also Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923
17   (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default
18   Judgment' ").  In a prisoner civil rights case, screening of the complaint is a prerequisite to
19   seeking a default or default judgment. See Jackson, Jr. v. Monterey Cnty. Jail, 2008 WL 269472,
20   at *2 (N.D. Cal. Jan. 29, 2008).

21   Here, after waiving service, Defendants County of Madera, Tyson Pogue, Manuel Perez,
22   Harmail Khela, Jayson Quick, Johnny Garza, Will Townsend, and Andres Villanueva, filed an
23   answer to the first amended complaint on September 2, 2025.  (ECF No. 33.)  Also, after waiving
24   service, Defendants California Forensic Medical Group, Inc. (erroneously sued as "Wellpath
25   Medical"), Maria Ontiveros, RN (erroneously sued as "Eva"), Devon Medina, RN (erroneously
26   sued as "Medina"), Steven Gustaveson, M.D. (erroneously sued as "Dr. Gustavian"), Deborah
27   Massetti, FNP (erroneously sued as "Debbie"), Michelle Ontiveros, RN (erroneously sued as
28   "Michelle"), and Victoria Zambrano, LVN (erroneously sued as "Victoria") filed an answer to

1 | Plaintiff's first amended complaint on September 17, 2025. (ECF No. 41.)  By filing an answer,
2 | these Defendants have appeared in this action, and Plaintiff's request for entry of default is
3 | unfounded.
4 | With regard to Defendants Alejandra, Chloe, and Libby, the United States Marshal
5 | returned the summonses unexecuted on September 5, 2025, with a notation that these individuals
6 | were no longer employed at the Madera County Jail.  (ECF No. 38.)  Therefore, because these
7 | Defendants have not been served, entry of default is not warranted.  Indeed, by way of separate
8 | order, the Court has ordered Plaintiff to show cause why Defendants Alejandra, Chloe, and Libby
9 | should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to effectuate
10 | service.  Accordingly, Plaintiff is not entitled to default under Rule 55(a) or (b).

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for entry of default is denied (ECF No. 43) and there is no basis for default judgment (ECF No. 43).

IT IS SO ORDERED.

Dated:   **November 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3