UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHAWN ARLIN DONLEY,

    Plaintiff,

v.

WELLPATH, et al.,

    Defendants.

No.  1:23-cv-01740-KES-SAB (PC)

FINDINGS AND RECOMMENDATION
RECOMMENDING DISMISSAL OF
DEFENDANTS

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's Monell claims against Wellpath and County of Madera, and deliberate indifference claims against Chief Manuel Perez, Sheriff Tyson Pogue, Sergeant Khela, Sergeant Quick, Corporal Garza, Corporal Townsend, Sergeant Villanuava, Dr. Gustavian, Medina, Debbie, Eva, Michelle, Maria, Chloe, Alejandra, Victoria, Libby, and Jane Doe. (ECF No. 23.)

Here, the U.S. Marshal attempted to serve Defendants Alejandra, Chloe, and Libby with the information that Plaintiff provided. However, the Marshal was informed that Defendants Alejandra, Chloe, and Libby are no longer employed by the Madera County Jail and no forwarding addresses were provided for these Defendants. (ECF No. 38.)

On November 4, 2025, the Court ordered Plaintiff to show cause why Defendants

1

Alejandra, Chloe and Libby should not be dismissed for failure to provide sufficient information to effectuate service.  (ECF No. 46.)

**I.**

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 4:

> If a defendant is not served within 90 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....' " Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Because the USM has not been successful in locating Defendants Alejandra, Chloe, and Libby  pursuant to Rule 4(m), the Court provided Plaintiff with an opportunity to show cause why these Defendants should not be dismissed from this action for failure to serve process.  (ECF No. 46.)  However, Plaintiff has failed to respond to the Court's order to show cause why these Defendants should not be dismissed and the time to do so has passed.  At this juncture, the United

States Marshal's office has exhausted the avenues available to it in attempting to locate and serve Defendants Alejandra, Chloe, and Libby.  It is Plaintiff's obligation to proceed information necessary to identify and locate a given defendant—which Plaintiff has not done and is apparently unable to do.  Accordingly, dismissal of Defendants Alejandra, Chloe, and Libby for failure to serve is warranted.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants Alejandra, Chloe, and Libby be dismissed from the action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3