UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ARLIN DONLEY, | No.  1:23-cv-01740-KES-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE ASSIGNED MAGISTRATE JUDGE |
| v. | |
| WELLPATH, et al., | (ECF No. 61) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion to disqualify the undersigned, filed May 18, 2026.  (ECF No. 61.)  Plaintiff contends the "impartiality [of the undersigned] might reasonably be questioned and that it is reasonable to assume that he is biased against in forma pauperis litigants who are proceeding in pro per before the United States District Court, for the Eastern District of California[.]"  (ECF NO. 61 at 6.)

The procedural requirements for a motion to disqualify under 28 U.S.C. § 455 are different from those under 28 U.S.C. § 144. Brew v. Fehderau, No. 1:17-cv-00681-AWI-EPG-PC, 2017 WL 4539265, at *1 (E.D. Cal. Oct. 11, 2017) (citing United States v. Sibla, 624 F.2d

1

864, 867 (9th Cir. 1980)). Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," including under circumstances where "he has a personal bias or prejudice concerning a party." Id. (quoting 28 U.S.C. § 455(a), (b)(1)). A motion under section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned. Id. (citing Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994)). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting Bernard, 31F. 3d at 843 (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985))). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Id. (quoting Sibla, 624 F.2d at 868). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." Id. (quoting United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008)). Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. (quoting 28 U.S.C. § 455(a)). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. (quoting § 455(b)).

The substantive standard for bias is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). The bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. Id. (citing Hernandez, 109 F.3d at 1453 (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994))). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. (quoting Liteky, 510 U.S. at 555). "In and of themselves ... they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances

evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved." Id. (quoting Liteky, at 510 U.S. at 555.)

Plaintiff has failed to allege sufficient acts to support the contention that the undersigned exhibits bias or prejudice towards him or his case. Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an extra-judicial source. A judge's rulings while presiding over a case do not constitute extra-judicial conduct. Focus Media, Inc. v. NBC, 378 F.3d 916, 930 (9th Cir. 2004). Plaintiff's disagreement with the Court's order denying appointment of counsel is not a legitimate ground for seeking disqualification of a judge. Further, there is simply no evidence to support Plaintiff's conclusory assertion that that the undersigned discriminates against pro-se Plaintiffs. Accordingly, Plaintiff's motion to disqualify the undersigned is DENIED.

IT IS SO ORDERED.

Dated:   **May 20, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

3