UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ARLIN DONLEY,<br><br>           Plaintiff,<br><br>     v.<br><br>WELLPATH, et al.,<br><br>           Defendants. | No.  1:23-cv-01740-KES-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL<br><br>(ECF No. 51) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to compel, filed March 26, 2026.  (ECF No. 51.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's Monell claim against Defendants California Forensic Medical Group and the County of Madera, and a deliberate indifference claim against Chief Manuel Perez, Sheriff Tyson Pogue, Harmail Khela, Jayson Quick, Johney Garza, Will Townsend, Andres Villanueva, Steven Gustaveson, Devon Medina, Deborah Massetti, Maria Ontiveros, Michelle Ontiveros, and Victoria Zambrano.

1

All Defendants have answered the operative complaint.  (ECF Nos. 33, 41.)  On September 3, 2025, the Court issued the discovery and scheduling order.  (ECF No. 36.)

On March 26, 2026, Defendants filed a motion to compel.[1]  (ECF No. 51.)  Plaintiff did not file an opposition and the time to do so has passed.  Accordingly, Defendants' motion to compel is submitted for review without oral argument.  Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 36.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for

---

[1] These Defendants include County of Madera, Tyson Pogue, Manuel Perez, Harmail Khela, Jayson Quick, Johnney Garza, Will Townsend, and Andres Villanueva.  (ECF No. 51.)

2

protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

### III.

### DISCUSSION

**A.      Defendants' Motion to Compel**

Defendants seek responses to requests for documents served on February 6, 2026.  (ECF No. 51.)  More specifically, Defendants served requests for interrogatories, set one; requests for production of documents, set one; and request for admissions, set one.  (Id.)  Plaintiff's responses to the discovery requests were due on or before March 23, 2026-45 days after service.  However, Defendants never received any responses to the discovery requests, nor has Plaintiff filed anything with the Court.  (Declaration of Wiley R. Driskill ("Driskill Decl.") ¶ 3, Ex. A.) Plaintiff's pro se status does not excuse him from responding to discovery requests. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure); Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (affirming sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").

Plaintiff subsequently called defense counsel's office regarding the discovery he had been served with and left a voicemail stating he did not think he needed to respond to the discovery. (Driskill Decl. ¶ 4.)

Based on Plaintiff's complete failure to respond to Defendants' discovery requests, and his failure to oppose Defendants' motion, the Court will grant the motion to compel. Plaintiff initiated this lawsuit, and he is obligated to comply with the applicable Federal Rules of Civil Procedure and Local Rules of this court by responding to defendant's discovery requests to the best of his ability. See Hartline v. Nat'l Univ., No. 2:14–CV–00635–KJM–AC, 2018 WL 1014611, at *4 (E.D. Cal. Feb. 22, 2018) (emphasizing that even pro se parties have a duty to comply with discovery obligations).  Plaintiff's complete failure to respond to Defendants' discovery requests and his failure to oppose Defendants' motion, renders any objections to the discovery requests to be waived and he will be ordered to respond.

Defendants' requests for admissions, set one, were automatically deemed admitted when Plaintiff failed to respond by the applicable deadline. See Fed. R. Civ. P. 36(a)(3); Federal Trade Comm'n v. Medicor, LLC, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002).  Rule 36(a)(3) confirms that matters are deemed admitted if the answering party does not file a timely response.

Plaintiff must answer each interrogatory in full and in writing under oath, without objections, to the best of his ability. See Fed. R. Civ. P. 33(b)(3); see also Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").  In addition, Plaintiff must also produce all documents in his possession, custody or control that are responsive to Defendants' request for production of documents. See Fed. R. Civ. P. 34(a)(1).  While extensive research is not required, a reasonable effort to respond must be made "and reasonableness is determined by the size and complexity of the case and the resources that a responding party has available to put to the case. L.H. v. Schwarzenegger, No. S–06–2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007) (citation omitted).  Based on the record before the Court, Plaintiff has not made any effort, much less a reasonable one, to respond to Defendants' discovery requests in this case.  Plaintiff is cautioned that failure to comply with

4

this order and provide complete responses to Defendants' discovery requests will result in sanctions that may range from exclusion of evidence to dismissal of the action.

**IV.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 51) is granted;

2. Within **twenty-one (21)** days of the service of this order, Plaintiff must fully respond to Defendants' request for interrogatories, set one and request for the production of documents, set one, without objection;

3. Defendants' requests for admission, set one, are deemed admitted; and

4. Plaintiff's failure to comply with this order may result in the imposition of sanctions, including dismissal of the action.  Local Rule 110; Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated:   **June 22, 2026**

STANLEY A. BOONE
United States Magistrate Judge