UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHAWN ARLIN DONLEY,

Plaintiff,

v.

WELLPATH, et al.,

Defendants.

No. 1:23-cv-01740-KES-SAB (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISQUALIFICATION OF ASSIGNED MAGISTRATE JUDGE

Doc. 66

Before the Court is plaintiff Shawn Arlin Donley's motion for reconsideration of disqualification of U.S. Magistrate Judge Stanley A. Boone. Doc. 66. Plaintiff previously filed a motion for disqualification of the assigned magistrate judge, Doc. 61, which was denied by Judge Boone. Doc. 62. The Court now considers plaintiff's motion for reconsideration of that order. For the reasons set forth below, Donley's motion for reconsideration is DENIED.

## I. BACKGROUND

Plaintiff Shawn Arlin Donley is currently incarcerated at Madera County Jail in Madera County, California. Doc. 1 at 1-2. Plaintiff filed a complaint seeking injunctive relief and damages from defendants Wellpath Medical, various medical staff, and various jail administrators for alleged medical mistreatment during his time in Madera County Jail. *Id.* Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Docs. 1, 8. On June 6, 2024, plaintiff filed a motion to appoint counsel. Doc. 17. Judge Boone denied plaintiff's motion to appoint counsel on June 11, 2024. Doc. 18. Plaintiff then filed a second motion to appoint counsel on May 1, 2026, Doc. 58, which was again denied by Judge Boone. Doc. 60.

On May 18, 2026, plaintiff filed a motion to disqualify the assigned magistrate judge. Doc. 61. Plaintiff alleges that Judge Boone should be disqualified from this case under 28 U.S.C. § 455(a) because his "impartiality might reasonably be questioned." *Id.* at 1. Plaintiff claims that Judge Boone inappropriately found a lack of exceptional circumstances necessitating counsel in this case and improperly denied plaintiff's motions for appointment of counsel. *Id.* at 6-7. Plaintiff alleges that Judge Boone "routinely and without cause denies counsel to in forma pauperis litigants who are proceeding in pro per, litigants who have already met the 'exceptional circumstances requirement' of the Local Rules as established by the Ninth Circuit." *Id.* at 7 (internal citations omitted).

On May 20, 2026, Judge Boone denied plaintiff's motion, finding plaintiff failed to demonstrate any bias in the decisions denying plaintiff's request for counsel. Doc. 62. On July 21, 2026, plaintiff filed a motion for reconsideration of the magistrate judge's May 20, 2026 order. Doc. 66.

## II. LEGAL STANDARD

Motions for reconsideration may be brought under Federal Rule Civil Procedure 59(e) or 60(b). *See* Fed. R. Civ. P. 60(b); Fed. R. Civ. P. 59(e); *Upton v. Fakhoury*, No. ED CV 13-02359-AB (PJW), 2017 WL 9807414, at *1 (C.D. Cal. Jan. 12, 2017); *Polk v. Pittman*, No. 1:11-cv-00728-AWI-BAM (PC), 2013 WL 6198867, at *1 (E.D. Cal. Nov. 26, 2013). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted); *see also Polk v. Pittman*, No. 1:11-cv-00728-AWI-BAM (PC), 2013 WL 6198867, at *1 (E.D. Cal. Nov. 26, 2013). When filing a motion for reconsideration, a party must show what "new or

different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## III. DISCUSSION

Plaintiff fails to establish any basis for his motion for reconsideration. Plaintiff's disqualification motion failed to identify any evidence or facts that would support granting such a motion, and he does not identify any newly discovered evidence in support of his motion for reconsideration. Plaintiff's motion to disqualify and his motion for reconsideration allege the same facts: he alleges that Judge Boone did not provide him with a lawyer despite authorizing plaintiff's in forma pauperis status. Docs. 61, 66. In both motions, plaintiff alleges that the magistrate judge is not an impartial arbiter based on his rulings in this case, because he "refuses to appoint counsel to Plaintiff, thus knowingly and willingly placing [him] at a disadvantage[.]" Doc. 66 at 9; *see also* Doc. 61. Plaintiff's arguments do not establish any basis for the magistrate judge's recusal.

Nor does plaintiff demonstrate any error of law by the magistrate judge, let alone a clear error of law as required for reconsideration. In his order denying plaintiff's motion for disqualification, Judge Boone found that "[p]laintiff has failed to allege sufficient acts to support the contention that the [magistrate judge] exhibits bias or prejudice towards him or his case." Doc. 62 at 3. "'Section 455(a) [of Title 28] asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.' The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.' The standard 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal citations omitted). Additionally, "[section] 455(a) is limited by the 'extrajudicial

source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *Id.* at 913-14 (quoting *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)). Section 455(a) therefore provides an "objective standard" for disqualification or recusal of a judge. *Id.* at 914.

Appointment of counsel may be considered under 28 U.S.C. § 1915(d), which confers on the court the discretion to appoint counsel to represent an indigent civil litigant. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). But "counsel may be designated under section 1915(d) only in 'exceptional circumstances[.]'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In determining whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Cook*, 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on a request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331.

In denying plaintiff's requests for counsel, Judge Boone correctly found that plaintiff's "case is not exceptional," noting that "[t]he Court is faced with similar cases almost daily." Doc. 18 at 2-3; *see also* Doc. 60. Plaintiff incorrectly claims that "Judge Boone's statement shows that he routinely and without cause denies counsel to in forma pauperis litigants who are proceeding in pro per." Doc. 66 at 10. No objective observer would perceive the magistrate judge's orders as evidencing partiality or bias. *See Wilborn*, 789 F.2d at 1331. And plaintiff's recusal motion does not cite to anything outside the magistrate judge's rulings in this case. He does not point to any "extrajudicial source" as is generally required for a motion under section 455(a). *See Holland*, 519 F.3d at 913–14.

Plaintiff fails to establish any basis for reconsideration of the magistrate judge's order denying plaintiff's motion for disqualification.

///

///

///

**IV. CONCLUSION**

Accordingly, plaintiff's motion for reconsideration, Doc. 66, is DENIED.

IT IS SO ORDERED.

Dated: October 18, 2026

UNITED STATES DISTRICT JUDGE